UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

_____

| | |
|---|---|
| KIMOTHY OWENS, ) | |
| ) | |
| Petitioner, ) | |
| v. ) | Case No. 12-CV-2101 |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## OPINION

On March 26, 2012, Petitioner, Kimothy Owens, filed a pro se Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 (#1).  Petitioner claimed that he was entitled to relief because he was not sentenced under the Fair Sentencing Act of 2010 (FSA) and because his appointed counsel did not file a motion to suppress evidence, thereby denying him the effective assistance of counsel.  On April 25, 2012, the Government filed its Response to Petitioner's Motion (#3).  The Government argued that Petitioner's Motion was filed beyond the one-year time limitation of 28 U.S.C. § 2255 and should be denied.  On May 7, 2012, Petitioner filed a Reply (#4).  Following careful consideration, this court concludes that Petitioner's Motion is untimely.  This court further concludes that the Motion has no merit.  For both reasons, Petitioner's Motion (#1) is DENIED.

## CRIMINAL CASE

On March 3, 2009, in Case No. 09-20019, Petitioner was charged by indictment with the offenses of: (1) knowingly possessing five grams or more of a mixture and

substance containing cocaine base (crack), a Schedule II substance, with the intent to distribute it; and (2) knowingly possessing a firearm after having previously been convicted of a felony offense. Petitioner was found to be qualified for appointed counsel, and John Taylor of the Federal Defender's office was appointed to represent him. On May 8, 2009, Petitioner's counsel filed pre-trial motions, including a Motion to Suppress Search Warrant. In the Motion to Suppress, Petitioner's counsel stated that Petitioner was arrested following a search conducted pursuant to a search warrant. Petitioner's counsel stated that "[t]here are substantial questions as to the validity of that search warrant as it is not clear that it was signed by a judge." On May 26, 2009, the Government filed responses to Petitioner's motions. In its response to the Motion to Suppress, the Government stated that it believed "this single, unique factual question can be addressed by the testimony of Detective Dailey, with possible additional evidence in the form of an affidavit from Judge Webber."

On May 27, 2009, this court held a status conference. This court stated that the Motion to Suppress would be taken up at the scheduled jury trial. On May 29, 2012, this court ruled on Petitioner's other pre-trial motions and accepted the Government's agreement to impeach Petitioner's testimony, if he chose to testify, solely with evidence that he had two prior convictions, without mentioning the nature of the convictions.

On June 15, 2009, the case proceeded to jury trial. This court stated that it would take up the matter of the Motion to Suppress after jury selection and before the presentation of evidence in the trial. Voir dire was conducted and a jury was selected. This court then held an evidentiary hearing on the Motion to Suppress Warrant. The Government filed the

Affidavit of Judge A. G. Webber. In his Affidavit, Judge Webber stated that he is a sitting judge of the Sixth Judicial District of Illinois and was a sitting judge on January 28, 2009. Judge Webber stated that, on January 28, 2009, Detective David Dailey of the Decatur, Illinois, Police Department appeared before him and presented him with a "Complaint for Search Warrant" and "Search Warrant." Judge Webber stated that he read and examined the "Complaint for Search Warrant" and then swore Detective Dailey, who signed the "Complaint for Search Warrant" in his presence. Judge Webber stated that he determined that probable cause existed for the issuance of a search warrant for Petitioner's person and the specified real estate located in Decatur. Judge Webber stated that he then signed the "Search Warrant." The Government also presented the testimony of David Dailey. Dailey testified that he presented a complaint for search warrant to Judge Webber and signed the complaint in Judge Webber's presence after Judge Webber swore him in. Dailey testified that Judge Webber then signed the search warrant. The complaint for search warrant and search warrant were admitted into evidence. This court then discussed the evidence presented and concluded that Judge Webber signed the search warrant based upon probable cause. This court denied Petitioner's Motion to Suppress.

On June 16, 2009, Petitioner advised the court that he wanted to plead guilty. Following a lengthy and thorough colloquy, the court accepted Petitioner's guilty plea. Petitioner later filed a pro se motion to withdraw his guilty plea. On September 29, 2009, this court held a hearing and denied Petitioner's pro se motion. On January 8, 2010, a sentencing hearing was held and Petitioner was sentenced to a term of 140 months on

Count 1 and 120 months on Count 2, to be served concurrently. Petitioner filed a Notice of Appeal. On November 23, 2010, the Seventh Circuit entered an Order and affirmed this court's judgment. On November 10, 2011, this court entered an order and reduced Petitioner's sentence to 120 months based upon the retroactive amendments to the sentencing guidelines regarding crack cocaine.

On November 18, 2011, Petitioner filed a pro se Motion for an Extension of Time to file a Motion under 28 U.S.C. § 2255. Petitioner stated that he needed more time to file his § 2255 motion. This court entered an Opinion the same day and denied Petitioner's pro se Motion. This court stated that, under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a motion under § 2255 must be filed within one year of the date on which the conviction became final. This court concluded that it had no authority to extend this deadline and grant Petitioner the relief he requested.

SECTION 2255 MOTION

On March 26, 2012, this court received and filed Petitioner's pro se Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 (#1). As noted, Petitioner claimed that he should have been sentenced under the FSA and that he was denied the effective assistance of counsel because his counsel refused to file a motion to suppress evidence. As to his second claim, Petitioner argued that he was arrested illegally and the court should have excluded all evidence gained from the "warrantless search of the residence." Petitioner further argued that the officers did not have consent to enter the premises or search the room. Petitioner signed the Motion and dated it "November 22,

2011." Petitioner also attached a proof of service which stated that he mailed the motion to the court on November 22, 2011.

On April 25, 2012, the Government filed its Response (#3). The Government stated that the Seventh Circuit entered its judgment affirming Petitioner's conviction and sentence on September 1, 2010, and Petitioner did not file a petition for a writ of certiorari with the United States Supreme Court. The Government stated that Petitioner's conviction was final 90 days after the Seventh Circuit entered its judgment. The Government then concluded that Petitioner's one-year time period to file his Motion under § 2255 expired on November 30, 2011, so his Motion was filed almost four months too late.

On May 7, 2012, Petitioner filed his Reply (#4). Petitioner said that the Government's argument was frivolous because he had his motion done and put in the mail on time. He said there was a memo posted at the prison which stated there was a hold up on outgoing mail. Petitioner argued that the "two-three week hold up was on the prison not me."

ANALYSIS

STATUTE OF LIMITATIONS

"A motion by a federal prisoner for postconviction relief under 28 U.S.C. § 2255 is subject to a one-year time limitation that generally runs from 'the date on which the judgment of conviction becomes final.'" Clay v. United States, 537 U.S. 522, 524 (2003), quoting 28 U.S.C. § 2255(f)(1). In this case, Petitioner did not file a petition for a writ of certiorari after the order affirming his conviction and sentence was entered by the Seventh

Circuit. Therefore, the one-year limitation period started to run when the time for seeking such review expired, which is 90 days after the entry of the order. See Clay, 537 U.S. at 532; Sup. Ct. R. 13.1.

The Government miscalculated this date, however. The Seventh Circuit entered its Order on November 23, 2010, not September 1, 2010. Therefore, the limitation period began running 90 days after November 23, 2010. Thus, the time period for Petitioner to file his Motion under § 2255 began on February 21, 2011, and expired on February 21, 2012. Nonetheless, Petitioner's Motion, filed March 26, 2012, was still late.

Petitioner claims that the Motion was timely filed because he put it in the mail on time. This court does not find Petitioner's assertion credible. Petitioner apparently believed that he needed to file his Motion within one year following the Seventh Circuit's ruling on November 23, 2010. Therefore, on November 18, 2011, Petitioner filed a motion for an extension of time to file the Motion in his criminal case. This court denied the motion for an extension of time. When Petitioner subsequently prepared his Motion for filing, he simply backdated it "November 22, 2011." Because Petitioner's Motion was not received by this court until March 26, 2012, this court finds "palpably incredible" Petitioner's statement that he mailed the Motion to the court on November 22, 2011. See Ryan v. United States, 657 F.3d 604, 606 (7th Cir. 2011) (court recognized that a district court can consider whether a § 2255 Petitioner's allegations are "'palpably incredible' or discovery otherwise pointless"). In his Reply, Petitioner stated that the "two-three week hold up" was the prison's fault, not his. However, based upon his statement in his original

filing that he mailed the Motion on November 22, 2011, it would have had to have been a four month hold up between the time it was mailed and the time it was received by this court on March 26, 2012. As already noted, this court does not find this claim believable. Further, even if there was a "two-three week hold up" as Petitioner has asserted in his Reply, his Motion is still untimely. The deadline for filing the Motion was February 21, 2012, and the Motion was not received until March 26, 2012, more than four weeks later. This court concludes that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 (#1) is untimely and must be denied.

## MERITS

This court additionally concludes, however, that even if it considered Petitioner's claims, his Motion would be denied on the merits. Petitioner first claims that he should have been sentenced based upon the FSA. The Supreme Court held in Dorsey v. United States, 132 S. Ct. 2321, 2335-36 (2012) that the FSA applied to defendants sentenced after August 3, 2010, the effective date of the FSA. Petitioner was sentenced on January 8, 2010, well before the effective date of the FSA. Petitioner's argument is without merit.

Petitioner's second claim is that he was denied the effective assistance of counsel because his counsel refused to file a motion to suppress evidence. This claim fails for a myriad of reasons. Most importantly, the record shows that Petitioner's counsel did file a motion to suppress. The record also shows that an evidentiary hearing was held on the motion and the evidence showed that a search warrant was issued by Judge Webber based upon probable cause. There is absolutely no basis for Petitioner's claim that the evidence

should have been suppressed because it was obtained during a warrantless search conducted without consent. Petitioner's claim is completely without merit.

CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings, this court denies a certificate of appealability in this case. For a certificate of appealability to be issued, Petitioner must show that jurists of reason would find it debatable whether his Motion states a valid claim of the denial of a constitutional right and also must show that jurists of reason would find it debatable whether this court was correct in its procedural ruling. See Slack v. McDaniel, 529 U.S. 473, 484 (2000) (emphasis added); see also Jimenez v. Quarterman, 555 U.S. 113, 118 n.3 (2009). This court concludes that jurists of reason would not find it debatable whether Petitioner's Motion states a valid claim of the denial of a constitutional right and also concludes that jurists of reason would not find it debatable whether this court correctly found that the Motion is untimely.

IT IS THEREFORE ORDERED THAT:

(1) Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 (#1) is DENIED.

(2) A certificate of appealability is DENIED.

(3) This case is terminated.

ENTERED this 24th day of September, 2012

s/ Michael P. McCuskey
MICHAEL P. McCUSKEY
U.S. DISTRICT JUDGE